(No. 36008.—

ELAINE L. MEZEL *et al.*, Appellees, *vs.* ERNEST D. MOBLEY *et al.*, Appellants.

*Opinion filed December 1, 1960.*

POOL & LANGER, JACK C. TRAGER, and WHITE & SINON, all of Ottawa, for appellants.

PETER F. FERRACUTI, of Ottawa, for appellees.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This case involves the validity, on technical grounds, of an amendment to the zoning ordinance of the city of Ottawa which reclassified a tract of land from "Class A Residential" use to "Class C Local Business" use. The plaintiffs own property adjacent to the tract involved; the defendants, Ernest and Jen Mobley, are the owners of that tract. The city of Ottawa was also made a defendant, but it admitted all of the allegations of the complaint and joined in the plaintiffs' prayer that the amendment be held void. The

circuit court held for the plaintiffs, declared the ordinance void, and enjoined the Mobleys from using the property for commercial purposes. They have appealed, and the trial judge has certified that the validity of a municipal ordinance is involved, and that the public interest requires a direct appeal to this court. Ill. Rev. Stat. 1959, chap. 110, par. 75(1)(c).

The statute that governs the procedure to be followed in amending municipal zoning ordinances provides that in case there is filed with the clerk of the municipality a written protest against a proposed amendment, "signed and acknowledged" by the owners of twenty per cent of the property immediately adjoining, directly opposite, or across an alley from the property to be rezoned, "the amendment shall not be passed except by a favorable vote of two-thirds of all of the aldermen or trustees of the municipality." (Ill. Rev. Stat. 1959, chap. 24, par. 73—8.) In this case a written protest signed by the owners of more than 60 per cent of the frontage eligible to protest was filed with the city clerk, but the amendment was not passed by a two-thirds vote of the aldermen. For this reason the circuit court declared it void.

It is not disputed that the 36 persons who signed the written protest owned more than 60 per cent of the frontage eligible to protest. But the defendants argue that the protest was ineffective because it was not properly acknowledged. At the end of the protest there appeared the affidavit of one of the signers that she knew personally all of the persons who had signed the protest and had witnessed their signatures, that they were all twenty-one years of age or over, that they all owned property adjacent to or across the street or alley from the subject property and that they all signed voluntarily and freely. It is the defendants' contention that the statutory requirement that the protest be written and that it be "signed and acknowledged" means that each signature must be acknowledged in accordance with

the form provided for the acknowledgement of deeds. Ill. Rev. Stat. 1959, chap. 30, par. 25.

We think that the circuit court properly rejected this contention. Because the General Assembly has provided a form for the acknowledgment of deeds, it does not follow that every time that it requires that some act be acknowledged it intends to require the use of that form. Where it has intended that an acknowledgment be made in a particular form and before a particular officer, it has said so. (See Ill. Rev. Stat. 1959, chap. 46, par. 8—8.) It has also used the word "acknowledged" in a nontechnical sense. An obvious illustration of that kind of use is the acknowledgment of the paternity of an illegitimate child. (Ill. Rev. Stat. 1959, chap. 3, par. 163; see *Miller v. Pennington,* 218 Ill. 220.) A similar, nontechnical legislative use of the word "acknowledge" is illustrated in *Gould* v. *Chicago Theological Seminary,* 189 Ill. 282. The statute regarding wills which was then before the court provided for admission of a will to record upon the testimony of two attesting witnesses that they "saw the testator or testatrix sign said will, testament or codicil, in their presence, or acknowledged [sic] the same to be his or her act and deed, * * *." (189 Ill. at 295.) It was held that the testator's acknowledgment need not be verbal. "Any act, sign or gesture of the testator will suffice which indicates an acknowledgment of the will with unmistakable certainty." *Bronson v. Martin,* 384 Ill. 129, 135.

No conveyance of property is here involved and we think it unlikely that the legislature, by its use of the word "acknowledged," intended to require that each person signing the protest must personally appear before an officer authorized to take acknowledgments and formally state that he has signed and delivered the instrument "as his free and voluntary act, for the uses and purposes therein set forth." The purpose of the statute is to provide a means by which

the opposition of owners of the property most immediately affected may be made known to the municipal aldermen or trustees, and the technical interpretation of the word "acknowledged," upon which the defendants insist, would appear to frustrate rather than to promote the aim of the statute.

In this case no question has ever been raised as to the genuineness of the signatures or as to the fact that the protesting property owners owned far in excess of the frontage required by the statute. The statutory requirement that the signatures upon written protest be "acknowledged" appears to have been intended to protect against forged signatures. That purpose can be met without requiring a formal conveyancing acknowledgment. The affidavit attached to the written protest was a sufficient compliance with the statute, and the order of the circuit court of La Salle County so holding is affirmed.

*Order affirmed.*